KRISTEN T. GALLAGHER, ESQ. (NSBN 9561)
AMANDA C. YEN, ESQ. (NSBN 9726)
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada  89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
kgallagher@mcdonaldcarano.com
ayen@mcdonaldcarano.com

MICHAEL R. DZWONCZYK, ESQ.
BRIAN K. SHELTON, ESQ.
AZADEH S. KOKABI, ESQ.
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
mdzwonczyk@sughrue.com
bshelton@sughrue.com
akokabi@sughrue.com
(admitted *pro hac vice*)

*Attorneys for Plaintiffs MT. DERM GmbH and*
*Nouveau Cosmetique USA, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MT. DERM GmbH and<br>NOUVEAU COSMETIQUE USA, Inc.,<br><br>        Plaintiffs,<br><br>vs.<br><br>CONNECT, Inc. (d/b/a NPM USA)<br><br>        Defendant. | Case No.:  2:14-cv-00533-RFB-GWF<br><br>**STIPULATED PROTECTIVE ORDER**<br>**FOR THE PROTECTION OF**<br>**CONFIDENTIAL INFORMATION** |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs MT. DERM GmbH and

NOUVEAU COSMETIQUE USA, Inc., ("Mt. Derm") and Defendant CONNECT, Inc.

("Connect")(collectively referred to as the "Parties"), hereby stipulate to the following Protective

Order for the captioned litigation (the "Lawsuit"):

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702) 873-4100 • FAX (702) 873-9966

1  **I.     PURPOSE**

2        The purpose of this Protective Order is to preserve the confidentiality of, and to prevent

3  competitive or commercial misuse of, information and documents that may be produced in

4  discovery in this action by the Parties or third parties.

5  **II.     DEFINITIONS**

6        **A.     Designated Material**

7        The term "Designated Material" shall mean any Discovery Material designated by a

8  Producing Party as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL

9  INFORMATION - ATTORNEYS' EYES ONLY" in accordance with Paragraphs IV.A to IV.D

10  below.  All Designated Material and any information or material copied or derived therefrom,

11  and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations

12  which reveal that information, shall be treated as, and hereinafter referred to as, Designated

13  Material.

14        **B.     Confidential Information and Highly Confidential Information -Attorneys'**
15  **Eyes Only**

16        1.     "CONFIDENTIAL INFORMATION" comprises or contains information

17  that the Producing Party claims in good faith to constitute or relate to sensitive business,

18  financial, or commercial information that is not publicly available and provides a commercial

19  advantage to its possessor and the disclosure of which to persons other than those set forth in

20  Section VI.A below would create a substantial risk of serious harm that could not be avoided by

21  less restrictive means.

22        2.     "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS'

23  EYES ONLY" comprises or contains information that the Producing Party claims in good faith is

24  highly confidential or sensitive, including, but not limited to, technical information, pricing and

25  revenue information and other sensitive financial data.

26        **C.     Discovery Material**

27        The term "Discovery Material" shall mean any Document material, item, testimony, or

28  thing filed with or presented to the Court or produced, served, exchanged, or generated during

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1  the discovery process, including, for example, exhibits; answers to interrogatories; responses to

2  requests for admissions; responses to requests for production; subpoenas; declarations; affidavits;

3  letters; emails; and deposition testimony or transcripts; and all copies, extracts, summaries,

4  compilations, designations, and portions thereof. All Discovery Material and any information or

5  material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as

6  testimony and oral conversations which reveal that information, shall be treated as, and

7  hereinafter referred to as, Discovery Material.

8  **D.    Producing Party**

9  The term "Producing Party" shall mean any Party to this Lawsuit or any third-party,

10  including its counsel, retained experts, directors, officers, employees, or agents, who produces

11  any Discovery Material during discovery for this Lawsuit.

12  **E.    Receiving Party**

13  The term "Receiving Party" shall mean any Party to this Lawsuit, including its counsel,

14  retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

15  **III.    RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL**

16  **A.    Scope**

17  This Order shall encompass all Discovery Material produced in this Lawsuit except that

18  this Order shall not encompass information that (a) is in the possession of or otherwise known to

19  the Receiving Party or the public before the date of its transmission to the Receiving Party, (b)

20  lawfully comes into the possession of the Receiving Party by means other than by production by

21  Producing Party, or (c) lawfully comes into the possession of or otherwise becomes known to the

22  public after the date of its transmission to the Receiving Party, provided that such information

23  does not become publicly known by any act or omission of the Receiving Party that would be in

24  violation of this Order.

25  **B.    Purpose**

26  This Stipulation applies to all Designated Material produced, exchanged or otherwise

27  disclosed by a Producing Party in connection with this Litigation.  This Stipulation shall apply

28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

regardless of whether such information was produced or disclosed prior to or after entry of this Stipulation.

**C.     Confidentiality**

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated or disclosed in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

**D.     Maintenance of Designated Material**

Designated Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order. The Receiving Party shall protect the confidentiality of Designated Material using procedures that are no less stringent than the measures used to protect the Receiving Parties' own Designated Material or similar confidential material.

**E.     Restrictions on Designated Materials**

The restrictions on the use of Designated Material established by this Order are applicable to the Receiving Party. A Producing Party is free to do whatever it desires with its own Designated Material.

**F.     Discovery from Third-Parties**

Information sought or obtained from a person not a Party to this Lawsuit ("third party") shall be treated as Designated Material if requested by the third-party. Any such information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" pursuant to Paragraphs IV.A to IV.D by a third-party will be accorded the same protection as the Parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Order. Either Party may seek to challenge designations by a third-party under the provisions of Paragraph V.B after providing at least ten (10) business days' written notice to the

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1  third-party and agreeing that it will not object to the third-party appearing in this Lawsuit for the

2  limited purpose of seeking to preserve its requested designation.

3        **G.**    **Unintentional Disclosure of Designated Material**

4        If Designated Material, or any portion thereof, is disclosed by the Receiving Party,

5  through inadvertence or otherwise, to any person or Party not authorized to receive such

6  Designated Material under this Protective Order, then the Receiving Party shall use its best

7  efforts to retrieve immediately all copies of such Designated Material, and to bind such person to

8  the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such

9  person of all the provisions of this Order; and (b) identify such person immediately to the

10  Producing Party.

11  **IV.**    **PROCEDURE FOR MARKING DESIGNATED MATERIAL**

12        Any Producing Party may mark Designated Material as either "CONFIDENTIAL

13  INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES

14  ONLY" in accordance with this Order. The burden of establishing that Designated Material is

15  either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION

16  - ATTORNEYS' EYES ONLY" as defined herein shall be on the Producing Party. The

17  designation of Designated Material as either "CONFIDENTIAL INFORMATION" or

18  "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" shall be

19  deemed effective unless and until the Court orders otherwise or the Producing Party withdraws

20  the designation. Designated material must be marked in the following manner:

21        **A.**    In the case of documents or any other tangible thing produced, designation shall

22  be made by placing the legend "CONFIDENTIAL INFORMATION" or "HIGHLY

23  CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" on each page of the

24  document or on the cover or in a prominent place on any other tangible thing prior to production

25  of the document or tangible thing along with a designation, *e.g.*, bates number prefix, of the

26  identity of the Producing Party.

27        **B.**    In producing original files and records for inspection, no marking need be made

28  by the Producing Party in advance of the inspection. For the purposes of the inspection, all

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

documents produced shall be considered as marked "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY," as applicable, the copies of such documents as may contain either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY, as defined in Paragraphs II.B.1 and II.B.2 at the time the copies are produced to the Receiving Party. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information before it is copied and marked pursuant to this Order.

**C.**      In the case of testimony provided during a deposition, transcripts or portions thereof shall be designated by the Producing Party either (i) on the record during the deposition, in which case the pages of the transcript containing Designated Material shall be marked "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY," as applicable, by the reporter, as the Producing Party may direct; or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice to the witness or the witness's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or witness. Pending expiration of the ten (10) business day period or the receipt of such written notice from the Producing Party (whichever comes first), all Parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript and the information contained therein as if it had been designated HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY. If no such written notice is provided within the ten (10) business day period, the designation(s) made during the deposition shall stand. If such written notice is provided, the designation(s) provided in such notice shall be effective upon receipt by the Receiving Party. No person shall attend the

designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order.

**D.**     In the event that a deposition is attended only by persons authorized to receive Designated Material, counsel may, for purposes of efficiency, state on the record that the entire transcript for that day is to be treated as Designated Material until such time as there is a written request to specifically identify the portions of the transcript that are CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY. In the event of such request, the Party desiring to maintain the treatment of any portion of the transcript as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY shall specify, by page and line numbers, the designated portions within ten (10) business days of the written request.

## V.     CONTESTING THE DESIGNATION

**A.**     No Party to this Lawsuit shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

**B.**     Any Party may contest a claim of confidentiality. Any Party objecting to the designation of any Discovery Material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY must give outside counsel of record for the Producing Party written notice of its reasons for the objection. The Producing Party will then have ten (10) business days after receipt of this notice to change the designation or respond in writing why the designation is appropriate.

Failing resolution after service of the written notice of its reasons for the objection, the Party objecting may seek an Order changing or removing the designation. The Producing Party asserting confidentiality has the burden of showing that the designation is appropriate. The information designated as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY shall remain as such (i) unless the Producing Party does not respond in writing why the designation is appropriate within

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

ten (10) business days after receipt of the written notice of the objecting Party's reasons for the objection; (ii) until the matter is resolved by Court order; or (iii) until agreement of the Producing Party.

**VI.     DISCLOSURE OF DESIGNATED MATERIALS**

     **A.**     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL INFORMATION under this Order may be disclosed by the Receiving Party only to the following persons:

     1.     outside counsel of record for the Receiving Party, including support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with this Lawsuit;

     2.     up to three (3) persons who are officers, directors, in-house attorneys, or employees of the Receiving Party, and their support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with this Lawsuit, subject to the provisions of Paragraph VII.B;

     3.     Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Lawsuit is pending, including any appellate Court, and the jury, if any;

     4.     court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this Lawsuit;

     5.     consultants, with the exception of trial and jury consultants, or experts and their staff who are expressly retained or sought to be retained by an attorney described in sub-paragraph 1 to provide assistance in this Lawsuit, with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A;

     6.     any person who authored and/or received the particular CONFIDENTIAL INFORMATION sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received the particular CONFIDENTIAL INFORMATION sought to be disclosed to that witness; any witness testifying in a deposition or hearing may be shown CONFIDENTIAL INFORMATION of a Producing Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Producing Party, or a corporate designee of the Producing Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 · FAX (702) 873-9966

employee, attorney, director, officer, or agent of the Producing Party if, at the time of the witness' employment, the CONFIDENTIAL INFORMATION was in existence and the witness had access to such CONFIDENTIAL INFORMATION;

7.    litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this Lawsuit, but only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

8.    mock jurors and/or trial or jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror who is employed by or affiliated with or who knows any person employed by or affiliated with either Party to this Lawsuit; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror; and

9.    persons who have been retained by a Party to provide translation or interpretation from one language to another.

10.    persons agreed to by the parties or permitted by the Court. Nothing in this Order is intended to preclude a Receiving Party from applying to the Court for approval of disclosure of Confidential Information to an employee of the Receiving Party or to preclude the Producing Party from opposing such application.

**B.**    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the following persons:

1.    outside counsel of record for the Receiving Party, including support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with this Lawsuit;

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

2.     Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Lawsuit is pending, including any appellate Court, and the jury, if any;

3.     court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this Lawsuit;

4.     consultants, with the exception of trial and jury consultants, or experts and their staff who are expressly retained or sought to be retained by an attorney described in subparagraph 1 to provide assistance in this Lawsuit, with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A;

5.     any person who authored and/or received the particular HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received the particular HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information sought to be disclosed to that witness; any witness testifying in a deposition or hearing may be shown HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information of a Producing Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Producing Party, or a corporate designee of the Producing Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the Producing Party if, at the time of the witness' employment, the HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information was in existence and the witness had access to such HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information;

6.     litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this Lawsuit, but only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

7. mock jurors and/or trial or jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror who is employed or affiliated with or who knows any person employed by or affiliated with either Party to this Lawsuit; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror;

8. persons who have been retained by a Party to provide translation or interpretation from one language to another; and

9. persons agreed to by the parties or permitted by the Court. Nothing in this Order is intended to preclude a Receiving Party from applying to the Court for approval of disclosure of Highly Confidential Information to an employee of the Receiving Party or to preclude the Producing Party from opposing such application.

**VII.    CONDITIONS ON ACCESS TO DESIGNATED MATERIAL**

**A.    Consultants and Experts**

A consultant or expert, excluding trial or jury consultants, may only be shown Designated Material pursuant to Paragraphs VI.A.5 or VI.B.4 to the extent necessary to provide assistance in this Lawsuit, provided that:

1. any such consultant or expert, excluding trial or jury consultants, is not an employee, director, officer, agent, attorney, or other representative of a Receiving Party including any of its divisions, subsidiaries, or affiliates), is not an employee, director, officer, agent, attorney, or other representative of a direct business competitor of any Party, and is not currently advising a direct business competitor of any Party on matters relating to the subject matter of this Lawsuit; and

2. prior to the disclosure of any Designated Material to the consultant or expert, the consultant or expert shall execute the Confidentiality Undertaking in Exhibit A.

…

…

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

**B.**   **Authorized Persons Of The Receiving Party**

The authorized individuals pursuant to Paragraph VI.A.2 will be set forth in Exhibit B to this Order, as may be amended from time to time.  Each such individual will execute the Confidentiality Undertaking in Exhibit A, a copy of which will be provided to the other Party prior to the designated person being permitted to reviewing any Designated Material.

The Parties recognize that authorized individuals pursuant to Paragraph VI.A.2 may be identified after entry of this Order. The Parties also recognize that the responsibilities of the authorized individuals pursuant to Paragraph VI.A.2 may change during the litigation, and that replacement of a previously designated individual under this section by a substitute may therefore become appropriate. Any Party desiring to add an authorized individual pursuant to Paragraph VI.A.2 or to make a replacement of such individual shall give written notice, including a copy of the Confidentiality Undertaking in Exhibit A signed by the replacement, a description of job responsibilities and CV, to all other Parties, and the substitute shall be deemed approved unless another Party objects to such addition or substitution within five (5) business days of such notice.

If the Producing Party needs further information regarding the newly identified individual or substitute individual to make a decision as to whether to object to that person, such Party may request further information within five (5) business days after receipt of the written notice and signed Confidentiality Undertaking in Exhibit A. The Producing Party shall then be entitled to object to such disclosure to the newly identified individual or substitute individual within five (5) business days after receipt of the requested additional information, or receipt of a refusal to provide such information.

No disclosure of Designated Material shall be made to the proposed individual or substitute individual until the time for serving objections has passed, or, in the event that a written objection is timely served, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

…

…

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

## VIII.   COURT PROCEDURES

### A.   Procedures For Filing Papers With Designated Material

Designated Material may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court in accordance with Local Rule 10-5(b).

### B.   Redacted Filings Of Papers With Designated Material

Redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

1.   All Designated Material set forth in the papers is deleted or obscured and all Designated Material is removed as exhibits; and

2.   Redacted versions of the papers are clearly marked "Public Version Confidential Material Redacted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

### C.   Use At Trial

This Order is not intended to govern the use of Designated Material at the trial of this Lawsuit. Procedures governing the use of Designated Material at trial, if necessary, will be established by separate order, pursuant to application by one or more of the Parties to the Court, or *sua sponte* pursuant to the Court's own procedures, and may be addressed at the pre-trial conference.

## IX.   PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

At the written request of the Receiving Party, the Producing Party may agree in writing to allow the Receiving Party to disclose to a specified third party any of the Producing Party's Designated Material identified in the written request.

## X.   UNINTENTIONAL FAILURE TO DESIGNATE

If any Producing Party discovers that it has inadvertently failed to designate and mark any Discovery Material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Discovery Material as either

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Discovery Material. Disclosure of such Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.

However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, *i.e.*, by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Discovery Material and advising the person to whom disclosure was made that the Producing Party has designated the material as confidential and that such material must be treated as provided in the Order unless otherwise agreed by the Parties or ordered by the Court.

## XI. UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT COMMUNICATIONS OR WORKPRODUCT MATERIAL

If a Producing Party through inadvertence produces or provides discovery that it believes in good faith is subject to a claim of attorney-client privilege or work-product immunity, such action shall not constitute a waiver of the attorney-client privilege and/or work product immunity. The inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

The Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party. Unless the Producing Party claims that the entire document is subject to a claim of attorney-client privilege or work product immunity, the Producing Party shall, together with its written notice, produce a copy of the document with the claimed privileged material redacted.

Within three (3) business days of receiving written notice and a copy of the document with claimed privileged material redacted, the Receiving Party shall return to the Producing

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

Party all copies of such document and shall return or destroy all excerpts thereof. The Producing Party shall be obligated to keep in a sealed envelope or similar sealed container, all inadvertently produced discovery returned by the Receiving Party that it believes is subject to a claim of attorney-client privilege or work-product immunity until the end of this Lawsuit, including all appeals. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production.

The Receiving Party shall be entitled to prepare a record for its own use containing the date, the author, address(es), and topic of the document and other such information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purposes other than preparing a motion to compel production of that document in this Lawsuit. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court. Unless previously waived, the inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

**XII.     RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS**

**A.     Redactions**

Documents and things containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION ATTORNEYS' EYES ONLY may be redacted if the Producing Party reasonably believes in good faith that the redacted information is (i) competitively sensitive and (ii) neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Each such redaction,

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 · LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 · FAX (702) 873-9966

regardless of size, shall be clearly labeled "Redacted - Non-Responsive." This shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

A Party may object to any redaction based on non-responsiveness by giving outside counsel of record for the Producing Party written notice of its reasons for the objection. The Parties shall thereafter meet and confer in good faith to resolve the dispute. If the Parties are unable to resolve the dispute on their own, the objecting Party may move the Court for an Order changing or removing the redaction. The Producing Party has the burden of showing that the redaction is appropriate. The redacted information shall remain redacted until the matter is resolved by the Court or agreement of the Parties. If any Producing Party discovers that it has inadvertently failed to redact nonresponsive material which it believes in good faith is both (i) competitively sensitive and (ii) neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, the Producing Party may give written notice to the Receiving Party that the document requires redaction and request that the Receiving Party return the document to the Producing Party.

Unless the Producing Party claims that the entire document is subject to redaction pursuant to the above, the Producing Party shall, together with its written notice, produce a copy of the document with the claimed non-responsive material redacted. Within three (3) business days of receiving written notice and a copy of the document with the applicable material redacted, the Receiving Party shall return to the Producing Party all copies of such document and shall return or destroy all excerpts thereof, except that, in the event the Receiving Party disputes the basis for the redaction, outside counsel for the Receiving Party may retain one (1) archival copy of the document in unredacted form pending a ruling from the Court on the issue. Such archival copy of a document may not be used for any purposes other than preparing a motion to compel production of that document in this Lawsuit.

Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly deemed non-responsive, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly redacted.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

**B.     Release From or Modification of This Order**

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the Parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review.

**C.     Admissibility**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any proceeding related to this matter.

**D.     Non-Party Request/Subpoena of Designated Material**

If a Receiving Party receives a subpoena or other compulsory process from a nonparty to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process.  If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

**E.     Counsel's Right to Provide Advice**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to this Lawsuit, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

**F.     Privileged and Irrelevant Materials**

Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

**G.     Notice**

Transmission by overnight courier, facsimile or electronic mail is acceptable for all notification purposes.

**XIII.   FINAL DISPOSITION**

Upon termination, settlement or final judgment of this Lawsuit including exhaustion of all appeals, unless otherwise agreed in writing, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days.  However, retained counsel of record may retain pleadings, written discovery and discovery responses, attorney and consultant work product, correspondence, and deposition and trial transcripts and exhibits for archival purposes. Notwithstanding the above requirements outside counsel of record (i) shall not be required to delete their e-mails at the conclusion of this litigation, but (ii) shall be required to continue to treat any such work product or e-mails that contain or refer to Designated Materials as required by this Order.  The parties may stipulate to the modification of this Paragraph.  The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this Lawsuit.

**XIV.   TERMINATION**

The termination of this Lawsuit shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

…

…

…

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

1    Pursuant to Federal Rule of Civil Procedure 26 and the above stipulation of the Parties,

2    and it appearing that discovery in the above-entitled Lawsuit is likely to involve the disclosure of

3    confidential information, and good cause appearing,

4    DATED this 17th day of December, 2014.

5    McDONALD CARANO WILSON LLP        GORDON SILVER

6    By: */s/ Kristen T. Gallagher*                    By: /s/  *Douglas A. Robinson*
         Kristen T. Gallagher, Esq. (NSBN 9561)         Michael N. Feder, Esq.
7        Amanda C. Yen, Esq. (NSBN 9726)                3960 Howard Hughes Parkway, 9th Floor
         2300 West Sahara Avenue, Suite 1200            Las Vegas, NV 89169
8        Las Vegas, Nevada 89102                        Telephone: (702) 796-5555
         Telephone: (702) 873-4100                      Facsimile: (702) 369-2666
9        Facsimile: (702) 873-9966                      mfeder@gordonsilver.com
         kgallagher@mcdonaldcarano.com
10       ayen@mcdonaldcarano.com                        Douglas A. Robinson, Esq.
                                                        HARNESS, DICKEY & PIERCE, PLC
11       Michael R. Dzwonczyk, Esq                      7700 Bonhomme, Suite 400
         Brian K. Shelton, Esq.                         St. Louis, MO  63105
12       Azadeh S. Kokabi, Esq.                         Telephone: (314) 446-7683
         SUGHRUE MION, PLLC                             Facsimile: (314) 726-7501
13       2100 Pennsylvania Avenue, NW                   drobinson@hdp.com
         Washington, DC 20037-3213                      (admitted *pro hac vice*)
14       Telephone: (202) 293-7060
         Facsimile: (202) 293-7860                      *Attorneys for Defendant*
15       mdzwonczyk@sughrue.com
         bshelton@sughrue.com
16       akokabi@sughrue.com
         (admitted *pro hac vice*)
17
         *Attorneys for Plaintiffs MT. DERM GmbH*
18       *and Nouveau Cosmetique USA, Inc.*

19

20                                                      IT IS SO ORDERED:

21                                                      _____
                                                        UNITED STATES MAGISTRATE JUDGE
22
                                                        Dated: December 18, 2014
                                                               _____
23

24

25

26

27
     323699
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MT. DERM GmbH and
NOUVEAU COSMETIQUE USA, Inc.,

        Plaintiffs,

vs.

CONNECT, Inc. (d/b/a NPM USA)

Defendant.

Case No.:  2:14-cv-00533-RFB-GWF

**EXHIBIT A**
**CONFIDENTIALITY UNDERTAKING**

I , _____, hereby acknowledge that I have read and understand the provisions of the attached Stipulation and Order for Protection of Confidential Information ("Protective Order") entered by the Court in the above-captioned matter with respect to the non-disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or documents (the "Confidential Material"), and I agree to abide by and be bound by its terms.  I will not reveal the Confidential Material to anyone, except as allowed by the Protective Order.  I will maintain all Confidential Material, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it.  No later than sixty (60) days after the conclusion of this action, I will destroy or return the Confidential Material to the counsel who provided me with the Confidential Material.  I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

Executed on _____    By: _____

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE (702)873-4100 • FAX (702) 873-9966

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MT. DERM GmbH and<br>NOUVEAU COSMETIQUE USA, Inc.,<br><br>          Plaintiffs,<br>vs.<br><br>CONNECT, Inc. (d/b/a NPM USA)<br><br>Defendant. | Case No.:  2:14-cv-00533-RFB-GWF |

**EXHIBIT B**
**DESIGNATED INDIVIDUALS**

**For Plaintiffs** MT. DERM GmbH and NOUVEAU COSMETIQUE USA, Inc.**:**

Paragraph VI.A.2 designation:

1.     Joern Kluge

**For Defendant Connect, Inc.:**

Paragraph VI.A.2 designation:

1.     Nir Eliyahu