KRISTEN T. GALLAGHER, ESQ. (NSBN 9561)
AMANDA C. YEN, ESQ. (NSBN 9726)
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
kgallagher@mcdonaldcarano.com
ayen@mcdonaldcarano.com

MICHAEL R. DZWONCZYK, ESQ. (admitted *pro hac vice*)
BRIAN K. SHELTON, ESQ. (admitted *pro hac vice*)
AZADEH S. KOKABI, ESQ. (admitted *pro hac vice*)
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
mdzwonczyk@sughrue.com
bshelton@sughrue.com
akokabi@sughrue.com

*Attorneys for Plaintiffs MT. DERM GmbH and Nouveau Cosmetique USA, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MT. DERM GmbH and NOUVEAU COSMETIQUE USA, Inc., <br><br> Plaintiffs, <br> vs. <br><br> CONNECT, Inc. (d/b/a NPM USA) <br><br> Defendant. | Case No.: 2:14-cv-00533-RFB-GWF <br><br> **STIPULATION AND ORDER TO STAY LITIGATION PENDING THE OUTCOME OF EX PARTE REEXAMINATION OF THE PATENT-IN-SUIT BEFORE THE UNITED STATES PATENT AND TRADEMARK OFFICE** <br><br> **(First Request)** |

Pursuant to LR 7-1 and 16.1-20, it is hereby stipulated and agreed by and among plaintiffs MT. DERM GmbH and NOUVEAU COSMETIQUE USA, Inc. ("Mt. Derm" or "Plaintiff") and defendant Connect, Inc., d/b/a NPM USA ("Connect" or "Defendant") (for purposes of this stipulation only, collectively the "Parties"), by and through their respective counsel, that this litigation be stayed pending the outcome of *ex parte* reexamination Serial No. 90/013,371, which is currently pending before the United States Patent and Trademark Office ("USPTO"). That reexamination concerns the patent asserted in this litigation, United States Patent No. 6,505,530 ("the '530 patent"). The USPTO ordered the reexamination on November

6, 2014 (attached as Exhibit A).  The USPTO's order granting reexamination applies to all claims of the '530 patent that are asserted against Connect in this litigation.

      The Parties thus stipulate and agree that (1) the stay will not unduly prejudice or present a clear tactical disadvantage to either of the Parties, and (2) that the stay will simplify the issues in question and the trial of the case.  *See* LR 16.1-20.  Further, pursuant to LR 16.1-20, the Parties stipulate and represent the following: (1) the Discovery Plan and Scheduling Order was entered on October 31, 2014; (2) fact discovery is ongoing, and is set to close on July 30, 2015; (3) the Parties have exchanged initial disclosures, initial infringement contentions, and initial non-infringement, invalidity, and unenforceability contentions, but have not exchanged any other written discovery (including interrogatories or requests for production), and no depositions have been taken or scheduled; and (4) no trial date has been set.  *Id.*

      Accordingly, the Parties respectfully request the Court stay all proceedings in this litigation pending the outcome of the above-referenced reexamination proceeding before the USPTO.  The Parties stipulate and agree to file a joint status report ten (10) judicial days after the outcome of the reexamination to notify the Court of the status.

DATED this 30th day of January, 2015.

| McDONALD CARANO WILSON LLP | GORDON SILVER |
|---|---|
| By: */s/ Azadeh S. Kokabi*<br>Kristen T. Gallagher, Esq. (NSBN 9561)<br>2300 West Sahara Avenue, Suite 1200<br>Las Vegas, Nevada 89102 | By: */s/ Douglas A. Robinson*<br>Michael N. Feder, Esq.<br>3960 Howard Hughes Parkway, 9th Floor<br>Las Vegas, NV 89169 |
| Michael R. Dzwonczyk, Esq. (*pro hac vice*)<br>Brian K. Shelton, Esq. (*pro hac vice*)<br>Azadeh S. Kokabi, Esq. (*pro hac vice*)<br>SUGHRUE MION, PLLC<br>2100 Pennsylvania Avenue, NW<br>Washington, DC 20037-3213 | Douglas A. Robinson, Esq.<br>HARNESS, DICKEY & PIERCE, PLC<br>7700 Bonhomme, Suite 400<br>St. Louis, MO  63105<br><br>*Attorneys for Defendant* |
| *Attorneys for Plaintiffs MT. DERM GmbH and Nouveau Cosmetique USA, Inc.* | |

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge
DATED: February 2, 2015.

# EXHIBIT A

# EXHIBIT A



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/013,371 | 10/14/2014 | 6,505,530 B2 | 036012 | 8989 |

22893          7590          11/06/2014
SMITH PATENT OFFICE
1901 PENNSYLVANIA AVENUE N W
SUITE 901
WASHINGTON, DC 20006

| EXAMINER |
|---|
| FLANAGAN, BEVERLY MEINDL |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/06/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| Order Granting / Denying Request For Ex Parte Reexamination | Control No. 90/013,371 | Patent Under Reexamination 6,505,530  B2 E |
|---|---|---|
| | Examiner BEVERLY M. FLANAGAN | Art Unit 3993 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>14 October 2014</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,      b)☒ PTO/SB/08,     c)☐ Other: _____

1. ☒  The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐  The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐  by Treasury check or,

   b) ☐  by credit to Deposit Account No. _____, or

   c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

| /Beverly M. Flanagan// | /JRJ/ | /AK/ |
|---|---|---|

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)    **Office Action in *Ex Parte* Reexamination**    Part of Paper No. -

Application/Control Number: 90/013,371                                                                 Page 2
Art Unit: 3993

The present application is being examined under the pre-AIA first to invent provisions.

## DECISION ON REQUEST FOR REEXAMINATION

A substantial new question of patentability affecting claims 1-20[1] of United States Patent Number 6,505,530 is raised by the request for *ex parte* reexamination.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

### Service of Papers

After the filing of a request for reexamination by a third party requester, any document filed by either the patent owner or the third party requester must be served on the other party (or parties where two or more third party requester proceedings are merged) in the reexamination proceeding in the manner provided in 37 C.F.R. 1.248. See 37 C.F.R. 1.550(f).

---

[1] A preliminary amendment adding new claim 21 was filed with the request on October 14, 2014. However, pursuant to MPEP 2243, the determination of whether or not a substantial new question of patentability exists is with respect to the claims of the patent in effect at the time of the determination. See also 37 CFR 1.515(a).  Therefore, claims amended or added in a preliminary amendment filed at the time of the request are not considered.

Application/Control Number: 90/013,371                                                          Page 3
Art Unit: 3993

### Amendment in Reexamination Proceedings

Patent owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 C.F.R. 1.530(d)-(j), must be formally presented pursuant to 37 C.F.R. 1.52(a) and (b), and must contain any fees required by 37 C.F.R. 1.20(c).

### Submissions

In order to ensure full consideration of any amendments, affidavits or declarations or other documents as evidence of patentability, such documents must be submitted in response to the first Office action on the merits (which does not result in a close of prosecution). Submissions after the second Office action on the merits, which is intended to be a final action, will be governed by the requirements of 37 C.F.R. 1.116, after final rejection and by 37 C.F.R. 41.33 after appeal, which will be strictly enforced.

### Notification of Concurrent Proceedings

The patent owner is reminded of the continuing responsibility under 37 C.F.R. 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving U.S. Patent No. 6,505,530 throughout the course of this reexamination proceeding. Likewise, if present, the third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

Application/Control Number: 90/013,371                                                                        Page 4
Art Unit: 3993

## Substantial New Question

A substantial new question of patentability (SNQ) is based on the following newly cited printed publications:

Zhan, Taiwanese Patent No. TW326643B and its accompanying translation (hereinafter "Zhan"); and

Bailey, U.S. Patent No. 4,582,060 (hereinafter "Bailey").

A substantial new question of patentability (SNQ) is also based on the following previously-cited printed publications:

Theiss, U.S. Patent No. 6,033,421 (hereinafter "Theiss"); and

Beuchat, U.S. Patent No. 4,671,277 (hereinafter "Beuchat").

On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):

> "The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office."

For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art, i.e., "old art," does not

Application/Control Number: 90/013,371 Page 5
Art Unit: 3993

necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry. In the instant case, Theiss was cited, but not applied, in the previous examination. However, Theiss is considered in a new light, as set forth at pages 17-18 of the request. Specifically, Theiss' replaceable drive grip tube 12 and drive unit 10 constitute a "disposable module" and "basic module", as recited in the claims. Furthermore, Theiss' discloses that "The driven grip tube is designed to be easily insertable into the receiving bore of the drive unit housing to position the needle bar for engagement by the cam, thus permitting the ready substitution of different needles during use of the device. . . ." (see col. 2, lines 17-21 of Theiss). Beuchat was both considered and applied in the previous examination, but was not considered in combination with either Zahn or Theiss, as is proposed in the instant request. These proposed combinations with Zahn and Theiss provide the new light under which the Beuchat reference is considered.

A discussion of the specifics follows:

### The Zhan Reference

It is agreed that the Zhan reference raises a SNQ as to claims 1-3 and 7-20 of U.S. Patent No. 6,505,530, as set forth at pages 8-13 of the request filed October 14, 2014.

Application/Control Number: 90/013,371 Page 6
Art Unit: 3993

***In regard to claims 1-3 and 7-20***, it is agreed that Zhan teaches an automatic eyebrow tattooing machine comprised of a main body 30, a power supply device 32, a motor 34, an eccentric transmission 36, a shaft 38 and a clamping needle holder 40 (see page 5, lines 9-11 of the translation). Zhan also teaches a dye cartridge 10 having an intruding tube 11 at its bottom end and an opening on its top end where the bottom end of the intruding tube 11 is pre-sealed with an enclosure 15 with a pre-cut line (see page 5, lines 13-15 of the translation). Zhan also teaches that the motor 34, via the eccentric transmission 36, the shaft 38 and the clamping needle holder 40, can drive a tattoo needle 42 to make a linear reciprocating motion (see page 6, lines 11-13 of the translation). Zhan also teaches that the dye cartridge 10 can be of any shape or materials and can be pre-filled and sealed (see page 3 line 31 to page 4, line 1 of the translation). Zhan also teaches attaching the dye cartridge 10 to the main body 30 by clicking, screwing or other attachment means (see page 6, lines 3-4 of the translation).

The teachings identified above were not present in the prosecution of the application which became U.S. Patent No. 6,505,530. Accordingly, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claim is patentable. Thus, Zhan raises a substantial new question of patentability as to claims 1-3 and 7-20 which question has not been decided in a previous examination of U.S. Patent No. 6,505,530.

Application/Control Number: 90/013,371 Page 7
Art Unit: 3993

### The Theiss Reference

It is agreed that the Theiss reference raises a SNQ as to claims 1-9, 19 and 20 of U.S. Patent No. 6,505,530, as set forth at pages 14-18 of the request filed October 14, 2014.

**In regard to claims 1-9, 19 and 20**, it is agreed that Theiss teaches a tattoo machine comprised of a drive unit 10 including an electric motor 14 and a drive shaft 16 and a driven grip tube 12 (see col. 4, lines 11-15). Theiss also teaches that tip section 52 is press fitted onto the distal end of section 44 so that a needle carried by connector 36 extends through the bore of tip section 52 (see col. 4, lines 62-64). Theiss also teaches that rotation of drive shaft 16 and cam 18 causes cam follower 34 to ride along cam face 20 (see col. 5, lines 1-2). Theiss also teaches that as the portion of cam face 20 closest to the distal end of the tattoo machine approaches cam follower 34, needle connector 36 is pushed toward the distal end of the tattoo machine, pushing the tip of the needle out of opening 54 (see col. 5, lines 2-6). Theiss also teaches that tip section 52 includes a pigment reservoir 52 for introducing pigment into the interior of tip section 52 and into contact with a needle attached to needle attachment surface 36 (see col. 4, lines 45-48). Theiss also teaches that the driven grip tube is designed to be easily insertable into the receiving bore of the drive unit housing to position the needle bar for engagement by the cam, thus permitting the ready substitution of different needles during use of the device (see col. 2, lines 17-21).

The teachings identified above were present in the prosecution of the application which became U.S. Patent No. 6,505,530. However, they were not considered in the

new light (as discussed above) nor were they discussed in combination with either Beuchat or Bailey.  There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.  Accordingly, Theiss raises a substantial new question of patentability as to claims 1-9, 19 and 20 which question has not been decided in a previous examination of U.S. Patent No. 6,505,530.

### The Beuchat Reference

It is agreed that the Beuchat reference raises a SNQ as to claims 2, 4-6 and 13-15 of U.S. Patent No. 6,505,530, as set forth at pages 18-24 of the request filed October 14, 2014.

**In regard to claim 2**, it is agreed that Beuchat teaches controlled dispensing [to a needle] where the reservoir contains sufficient pigment to perform the entire procedure without requiring the operator to stop and fill the reservoir (see col. 1, lines 41-45, col. 6, lines 28-31 and Fig. 3).  **In regard to claims 4-6 and 13-15**, Beuchat teaches a disposable adapter for attachment to a head of a pigment-implanting unit, wherein the adapter houses the pigment reservoir and transfer tube in an angled relationship, to control the dispensing of pigment to the needle (see col. 1, lines 13-19 and Fig. 3).

The teachings identified above were present in the prosecution of the application which became U.S. Patent No. 6,505,530.  However, they were not discussed in combination with either Zhan or Theiss.  There is a substantial likelihood that a

Application/Control Number: 90/013,371                                                Page 9
Art Unit: 3993

reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable. Accordingly, Beuchat raises a substantial new question of patentability as to claims 2, 4-6 and 13-15 which question has not been decided in a previous examination of U.S. Patent No. 6,505,530.

### The Bailey Reference

It is agreed that the Bailey reference raises a SNQ as to claims 7-8 of U.S. Patent No. 6,505,530, as set forth at page 22 of the request filed October 14, 2014.

***In regard to claims 7-8***, it is agreed that Bailey teaches cylindrical needle shaft parts 65 including a tubular part 69, annular shoulder 71, neck 77, body 75, cap 79 and rim 81, for holding and driving a needle that contacts different parts of needle drive 7, including tube 41, in various placed (see Figs. 1-2).

The teachings identified above were not present in the prosecution of the application which became U.S. Patent No. 6,505,530. Accordingly, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claim is patentable. Thus, Bailey raises a substantial new question of patentability as to claims 7-8 which question has not been decided in a previous examination of U.S. Patent No. 6,505,530.

### Conclusion

Please mail any communications to:

    Attn: Mail Stop "Ex Parte Reexam"
    Central Reexamination Unit

Application/Control Number: 90/013,371 Page 10
Art Unit: 3993

       Commissioner for Patents
       P.O. Box 1450
       Alexandria, VA  22313-1450

Please FAX any communications to:

       (571) 273-9900
       Central Reexamination Unit

Please hand-deliver any communications to:

       Customer Service Window
       Attn: Central Reexamination Unit
       Randolph Building, Lobby Level
       401 Dulaney Street
        Alexandria, VA  22314


Any inquiry concerning this communication or earlier communications from the Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.


Signed:

/Beverly M. Flanagan/

Beverly M. Flanagan
CRU Examiner
GAU 3993
(571) 272-4766


Conferee:  /JRJ/

Conferee:  /AK/

| Order Granting / Denying Request For Ex Parte Reexamination | Control No. 90/013,371 | Patent Under Reexamination 6,505,530 B2 E |
|---|---|---|
| | Examiner BEVERLY M. FLANAGAN | Art Unit 3993 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>14 October 2014</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,   b)☒ PTO/SB/08,   c)☐ Other: _____

1. ☒ The request for *ex parte* reexamination is GRANTED.

    RESPONSE TIMES ARE SET AS FOLLOWS:

    For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

    For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

    This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

    In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐ by Treasury check or,

    b) ☐ by credit to Deposit Account No. _____, or

    c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

| /Beverly M. Flanagan// | /JRJ/ | /AK/ |
|---|---|---|

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)          Office Action in *Ex Parte* Reexamination          Part of Paper No. -

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of | Docket No: 036012 |
| Frank ADLER et al. | Issued: January 14, 2003 |
| U.S. Patent No. 6,505,530 | Application No. 10/072,991 |
| Filing Date: February 12, 2002 | Group Art Unit: TBD |
| Confirmation No.: TBD | Examiner: TBD |

For:   INK APPLICATION DEVICE FOR TATTOOING OR FOR MAKING PERMANENT MAKE-UP

## INFORMATION DISCLOSURE STATEMENT
## UNDER 37 C.F.R. § 1.510

**MAIL STOP *EX PARTE* REEXAMINATION**
**ATTN: CENTRAL REEXAMINATION UNIT**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

As required by 37 C.F.R. § 1.510(b)(3) and MPEP § 2214, Patent Owner submits herewith a listing of the prior art patents or printed publications cited in the accompanying Request for *Ex Parte* Reexamination.

The submission of the listed documents are not intended as an admission that any such document constitutes prior art against the claims of the present application. Applicant does not waive any right to take any action that would be appropriate to antedate or otherwise remove any listed document as a competent reference against the claims of the present application.

The USPTO is directed and authorized to charge all required fees, except for the Issue Fee and the Publication Fee, to Deposit Account No. 19-4880.

INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. § 1.510

      Please also credit any overpayments to said Deposit Account.

      Respectfully submitted,

      / Travis B. Ribar /

| | |
|---|---|
| **SUGHRUE MION, PLLC** | Travis B. Ribar |
| Telephone: 202.293.7060 | Registration No. 61,446 |
| Facsimile: 202.293.7860 | |

WASHINGTON DC SUGHRUE/80928

**23373**
CUSTOMER NUMBER

Date: October 14, 2014

2

| | |
|---|---|
| Application Number | |
| Confirmation Number | |
| Filing Date | September 12, 2014 |
| First Named Inventor | Frank ADLER |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | 036012 |

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

(Not for submission under 37 CFR 1.99)

## U.S. PATENTS

| Examiner Initials | Cite No | Patent Number | Kind Code | Issue Date | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| /B.F./ | 1 | 6,033,421 | | 3/7/2000 | Theiss et al. | |
| /B.F./ | 2 | 4,671,277 | | 6/9/1987 | Beuchat, Charles | |
| /B.F./ | 3 | 4,582,060 | | 4/15/1986 | Bailey, Ronald | |

## U.S. PATENT APPLICATION PUBLICATIONS

| Examiner Initials | Cite No | Publication Number | Kind Code | Publication Date | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials | Cite No | Foreign Document Number | Country Code | Kind Code | Publication Date | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T |
|---|---|---|---|---|---|---|---|---|
| /B.F./ | 4 | 326643 | TW | B | | Zhan, Jiewen | | Yes |

## NON-PATENT LITERATURE DOCUMENTS

| Examiner Initials | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city, and/or country where published. | T |
|---|---|---|---|
| /B.F./ | 5 | Decision, Paper No. 8, *Inter Partes* Review 2014-00138 (April 22, 2014) | |

## EXAMINER SIGNATURE

| Examiner Signature | /Beverly Flanagan/ | Date Considered | 10/28/2014 |
|---|---|---|---|

10/28/2014

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

1 See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. 2 Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). 3 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 4 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 5 Applicant is to place a check mark here if English language translation is attached.

[Page 1 of 1]